FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 17 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MCKENNA LONG & ALDRIDGE LLP,

      Plaintiff,

vs.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for Darby
Bank & Trust Co., K Bank, McInstosh
Commercial Bank, and NorthWest Bank &
Trust,

      Defendant.

Civil Action File
No. 1:10.CV-3779

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff McKenna Long & Aldridge LLP ("MLA") files this Complaint against Defendant Federal Deposit Insurance Corporation ("FDIC"), as receiver for Darby Bank & Trust Co. ("Darby Bank & Trust"), K Bank ("K Bank"), McIntosh Commercial Bank ("McIntosh"), and NorthWest Bank & Trust ("NorthWest Bank & Trust") (collectively referred to herein as the "Banks"). In support of its Complaint, MLA states as follows:

### INTRODUCTION AND SUMMARY

1.    This case concerns MLA's right to retain documents provided by its clients for the sole purpose of providing legal advice in anticipation of future

threatened litigation by the FDIC against those clients.  MLA is legal counsel to the officers and directors of the Banks (the "Clients").  The Banks have failed and have been placed into receivership.  In connection with its representation of the Clients, MLA has been provided copies of certain documents, including but not limited to, board and committee minutes, commercial loan files, and reports prepared by the Clients (the "Documents").  These Documents are essential to the Clients' defense against the FDIC's demand that the Clients be held personally liable for the failed Banks' losses.

2.     The Clients made copies of the Documents prior to the closure of the Banks and prior to the appointment of the FDIC as receiver.

3.     Rather than recognize the Clients' fundamental right to defend themselves, the FDIC is threatening to bring legal action against MLA and the Clients to force the return of the Documents, thereby preventing the Clients from obtaining effective legal representation.

4.     Because an actual controversy exists between MLA and the FDIC with regard to MLA's possession of the Documents, MLA seeks a judgment pursuant to 28 U.S.C. § 2011 declaring that MLA is entitled to continue to possess the Documents so that MLA can provide effective legal advice to the Clients.

5.     In a showing of good faith, MLA, contemporaneously with the filing of this Complaint , has moved the Court for an order allowing MLA to deposit into the Court's registry, under seal, all copies of the Documents in its possession (except those described in paragraph 27 below) pending final resolution of this matter.

## PARTIES, JURISDICTION AND VENUE

6.     MLA is a limited liability partnership organized and existing under the laws of the District of Columbia, with its principal place of business in Atlanta, Georgia.

7.     The FDIC is a corporation organized and existing under the laws of the United States of America, with its principal place of business in Washington, D.C.  The FDIC is acting as receiver for the Banks.  The FDIC has purposefully availed itself of the laws of Georgia and is subject to personal jurisdiction in the Northern District of Georgia.

8.     This Court has subject matter jurisdiction over this action pursuant to provisions of the Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.*; 1819(b)(2)(A) (the "FDIA"); and 28 U.S.C. § 1331.  Actions to which the FDIC is a party in its receivership capacity are deemed to arise under the laws of the United States.

3

9.    Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this dispute occurred in Atlanta, Georgia.

## BACKGROUND

10.    Prior to November 12, 2010, Darby Bank & Trust was an FDIC-insured bank regulated by the Georgia Department of Banking & Finance and the FDIC. On November 12, 2010, Darby Bank & Trust was closed by the Georgia Department of Banking & Finance, and the FDIC accepted appointment as receiver.

11.    Prior to November 5, 2010, K Bank was an FDIC-insured bank regulated by the Maryland Office of Financial Regulation. On November 5, 2010, K Bank was closed by the Maryland Office of Financial Regulation, and the FDIC accepted appointment as receiver.

12.    Prior to March 26, 2010, McIntosh was an FDIC-insured bank regulated by the Georgia Department of Banking & Finance and the FDIC. On March 26, 2010, McIntosh was closed by the Georgia Department of Banking & Finance, and the FDIC accepted appointment as receiver.

13.    Prior to July 30, 2010, NorthWest Bank & Trust was an FDIC-insured bank regulated by the Georgia Department of Banking & Finance and the FDIC.

4

On July 30, 2010, NorthWest Bank & Trust was closed by the Georgia Department of Banking & Finance, and the FDIC accepted appointment as receiver.

### MLA Has Maintained Possession Of The Documents For Proper Purposes

14.     MLA represents the officers and directors of the Banks.  Consistent with their rights as officers and directors of the Banks, the Clients made copies of the Documents prior to the closure of the Banks and prior to the appointment of the FDIC as receiver.

15.     The Clients entrusted the Documents to MLA for the sole and permissible purpose of seeking legal advice in anticipation of future threatened litigation.   At all times that MLA has possessed the Documents, MLA has maintained the security of the Documents and treated the Documents as privileged and confidential, consistent with MLA's professional obligations to the Clients.

16.     To MLA's knowledge, the originals of the Documents have not been removed from the Banks, remain in the Banks' files, and continue to be available to the FDIC.

### The FDIC Objects To MLA's Possession Of The Documents

17.     On November 15, 2010 at 4:36 p.m., MLA received correspondence from Mr. James M. Barker, Managing Counsel for the FDIC, regarding MLA's possession of the Documents.

18.    In its November 15 letter, the FDIC purported to put MLA "on notice of FDIC-Receiver's objection to the copying and removal of records of the [B]ank prior to the appointment as[sic] FDIC as receiver" and demanded that MLA "*immediately* return to the FDIC as receiver *all* bank records and *all* copies thereof taken from any failed bank." (emphasis in original.)  In conjunction with this demand, the FDIC claimed that "accessing, copying, and removal" of the Documents violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2) and constituted misappropriation of trade secrets and a breach of the officers and directors' fiduciary duties to the Banks.

19.    In the November 15 letter, the FDIC also asserted its intention to recover from MLA and MLA's clients, "any retainer payments or legal fees paid from the funds of the failed bank for the purposes of representing [the] personal and individual interests" of the officers and directors of the Bank.

20.    The FDIC has made similar demands on MLA for the return of the Documents associated with MLA's representation of the officers and directors of NorthWest Bank & Trust, McIntosh, and K Bank.

21.    In response to Mr. Barker's November 15 letter, MLA's General Counsel sent a letter on November 16, 2010, offering to meet with Mr. Barker or confer by telephone to attempt to resolve the issues raised in Mr. Barker's letter.

(*See* MLA's November 16, 2010 correspondence, a true and correct copy of which is attached hereto as Exhibit A.) Mr. Barker has not responded to MLA's November 16 letter.

### MLA Has Found No Support For The FDIC's Claims

22. The FDIC has provided no authority, and MLA has found none, for the proposition that once collected, copies of corporate documents must be returned to a corporation, or to the FDIC as receiver of a failed bank, as a matter of course or because a bank was placed into receivership. Additionally, because the assets of the Banks have been sold to third parties, it is unclear whether the FDIC has standing to pursue return of the Documents.

23. Contrary to the FDIC's claim, neither MLA nor the Clients are seeking to profit from the Documents in a way that would support an action for misappropriation of trade secrets or breach of fiduciary duties. Rather, the Documents were copied and provided to MLA as legal counsel for the sole purpose of rendering legal advice in anticipation of the FDIC's claims against the officers and directors of the Banks.

## Contemporaneously Herewith MLA Seeks To Place The Documents Under Seal In The Registry Of The Court

24.     MLA is entitled to continue to possess the Documents.    The Documents are essential to MLA's ability to provide effective legal advice to the Clients.

25.     However, in a showing of good faith, MLA, contemporaneously with the filing of this Complaint, is filing a motion to allow MLA to deposit into the Court's registry, under seal, all copies of the Documents in its possession (except those described in paragraph 27) pending final resolution of this matter.

26.     Upon entry of an appropriate order from the Court, MLA will deposit with the Court's registry, under seal, all copies of Documents in its possession (except those described in paragraph 27).

27.     Copies of a certain subset of the Documents have been loaded into MLA's Summation Database.    Access to the Documents on the Summation Database is restricted; password and firewall protected; and is limited to those MLA attorneys and paralegals assigned to the particular matter.

28.     While this action is pending, MLA is prepared to delete the Documents stored on the Summation Database.  However, MLA understands the FDIC has previously taken the position (with a different law firm in an unrelated matter) that any removal of the Documents from the firm's computer systems

would be improper.  While MLA does not believe the FDIC in good faith could object to MLA's deleting the Documents that the FDIC contends MLA should not possess in the first instance, MLA seeks the Court's guidance before deleting the Documents on the Summation Database and will maintain the Documents on the Summation Database (with the restricted access described in paragraph 27 above) pending an order of this Court.

## COUNT I
### Declaratory Judgment

29.     MLA repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 28 above.

30.     As described above, MLA acquired the Documents and continues to possess the Documents in a lawful manner and for proper purposes.

31.     An actual and substantial case or controversy exists between MLA and the FDIC with regard to MLA's continued possession of the Documents.

32.     The FDIC has a direct interest in contesting this claim.

33.     The conflicting interests of MLA and the FDIC are real and adverse.

34.     The issue is ripe for judicial determination.  The FDIC has declared its intention to bring claims against MLA and has threatened to take action against MLA with regard to MLA's possession of the Documents.

35.    Without a declaration from this Court as to whether MLA is entitled to continue to possess the Documents, the parties' rights will be uncertain and the parties will be forced to act based on their uncertain rights.

36.    Accordingly, MLA seeks a declaration that MLA is entitled to continue to possess the Documents for the purpose of providing legal advice to the Clients.

**WHEREFORE**, MLA prays that the Court enter judgment in its favor and against FDIC and award the following relief:

(1)    MLA requests a declaration that MLA is entitled to continue to possess the Documents; and

(2)    Such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 17th day of November, 2010.

David L. Balser
dbalser@mckennalong.com
Georgia Bar No. 035835
James B. Manley, Jr.
jmanley@mckennalong.com
Georgia Bar No. 469114
Tracy Klingler
tklingler@mckennalong.com
Georgia Bar No. 105450

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
(404) 527-4000
(404) 527-4198 (facsimile)

*Attorneys for*
*McKenna Long & Aldridge LLP*

11